Paul Swenson Prior, Esq.
Nevada Bar No. 9324
Alexis R. Wendl, Esq.
Nevada Bar No. 15351
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: sprior@swlaw.com
        awendl@swlaw.com

*Attorneys for Defendant Secure Source International, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD WILLIAMS, | Case No. 2:21-cv-1900 |
| Plaintiff, | |
| v. | **PETITION FOR REMOVAL** |
| SECURE SOURCE INTERNATIONAL, LLC; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Defendant. | |

**TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

PLEASE TAKE NOTICE THAT Defendant Secure Source International, LLC ("Defendant"), an Arizona limited liability company pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby removes to this Court Case No. A-21-840960-C, bearing the above caption and currently pending in Department 13 of the Eighth Judicial District Court, Clark County, Nevada ("Action"). Removal is warranted because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and all other requirements for removal have been met.

I.   **RELEVANT PROCEDURAL BACKGROUND**

On September 13, 2021, Plaintiff filed a Complaint in the District Court for Clark County, Nevada initiating this action ("Complaint"). Plaintiff served Defendant with a copy of the Summons and Complaint on September 14, 2021. Defendant filed an Answer on October 5, 2021.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775/785-5440

1   A true and correct copy of all process and pleadings served upon Defendant are attached hereto as

2   **Exhibit A** pursuant to 28 U.S.C. § 1446.

3   **II.**   **NATURE OF COMPLAINT**

4       Plaintiff's Complaint concerns the basis of Defendant's termination of his employment.

5   Plaintiff alleges a single cause of action for tortious discharge for reporting unlawful activity.

6   **III.**   **BASIS FOR REMOVAL**

7       Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

8   district courts of the United States have original jurisdiction, may be removed by the defendant or

9   the defendants, to the district court of the United States for the district and division embracing the

10  place where such action is pending." As discussed herein, this action is removable under 28 U.S.C.

11  § 1441(a) because the district court has original jurisdiction under 28 U.S.C. § 1332 (diversity),

12  venue is proper in the District of Nevada, and this Notice of Removal is timely filed.

13      **A.**   **Complete Diversity Exists Among the Parties.**

14      The action satisfies 28 U.S.C. § 1332(a)(2)'s requirement that civil actions be between

15  citizens of a State and citizens or subjects of a foreign state. There is complete diversity between

16  the parties, as described below.

17      Plaintiff: The Complaint alleges that Plaintiff is a resident of Clark County, Nevada. Ex. A

18  (Compl.) ¶ 2. Plaintiff is therefore a citizen of the State of Nevada for the purposes of determining

19  diversity jurisdiction.

20      Defendant: The Complaint correctly concedes that Defendant is a Foreign Limited Liability

21  Company of the State of Arizona. *Id.* ¶ 4.

22      In a removal, a limited liability company is treated as a partnership for purposes of diversity,

23  and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage*,

24  *LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state in which

25  it has been incorporated and of any state where it has its principal place of business. 28 U.S.C.

26  § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject

27  matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate

28  the corporation's activities.… [I]n practice it should normally be the place where the corporation

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

1   maintains its headquarters—provided that the headquarters is the actual center of direction, control,

2   and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its

3   board meetings[.]"   *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Defendant is

4   incorporated in the State of Arizona and maintains its corporate headquarters in El Mirage, Arizona.

5   *See* Arizona Corporate Commission Printout, attached as **Exhibit B**.

6          Two of Defendants' members are citizens of the State of Utah and one is a citizen of the

7   State of Arizona.  Defendant is therefore a citizen of the State of Arizona and the State of Utah for

8   the purpose of determining diversity jurisdiction.  Further, Defendant's headquarters—where its

9   high-level officers direct, control, and coordinate the corporation's activities—is located in El

10  Mirage, Arizona.  The majority of Defendant's executive and administrative functions take place

11  at its headquarters in El Mirage, Arizona.   Defendant's company-wide policies and procedures are

12  formulated at the Arizona headquarters.   *Defendant's* activities and operations are directed and

13  ultimately controlled from the Arizona headquarters. *Id*. Thus, Defendant is a citizen of Arizona.

14         Because Defendant. is a citizen of the State of Arizona, Defendant is not a citizen of Nevada.

15  Thus, the requisite diversity of citizenship exists.  *See* 28 U.S.C. § 1332(c)(1).

16         Further, in compliance with 28 United States Code section 1441(b), "none of the parties in

17  interest properly joined and served as defendants is a citizen of the State in which [this] action is

18  brought."  Pursuant to 28 United States Code section 1441(a), the citizenship of defendants sued

19  under fictitious names shall be disregarded.  The inclusion of "Doe" defendants in Plaintiff's state

20  court complaint has no effect on removability.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-

21  91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of

22  defendants sued under fictitious names shall be disregarded).  In determining whether diversity of

23  citizenship exists, only the named defendants are considered. *Id.*

24         As Plaintiff is a citizen of the State of Nevada and the non-fictitious Defendant is a citizen

25  of the State of Arizona and the State of Utah, complete diversity exists between the parties.

26         **B.      The Amount in Controversy Requirement Is Satisfied.**

27         As the Supreme Court has explained, "a defendant's notice of removal need only include a

28  plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*

Snell & Wilmer
L.L.P.
LAW OFFICES
510 West Liberty Street, Suite 510
Reno, Nevada  89501
775/785-5440

- 3 -

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86-88 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").  Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages."  *Behrazfar v. Unisys Corp.,* 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (*quoting Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that "the amount in controversy is not a prospective assessment of a defendant's liability, but the amount potentially at stake" when analyzing whether a defendant could assert past and future wages in a removal action); *Rippee v. Boston Market Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe); *see Wells Fargo Bank, N.A. v. Commonwealth Land Title Insurance Company*, No: 2:18-cv-00494-APG-BNW, 2019 WL 2062947, at *2-3 (D. Nev. 2019) (analyzing *Chavez v. JP Morgan Chase & Co.* to determine that "continued losses" could be included in a defendant's amount in controversy).

In determining whether a complaint meets the $75,000 threshold under 28 United States Code section 1332(a), the Court must consider a plaintiff's alleged aggregate general damages, special damages, punitive damages, and attorneys' fees.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *see Chavez*, 88 F.3d at 414-15 ("the amount in controversy is not limited to damages incurred prior to removal" but rather "encompasses all relief a court may grant" if the plaintiff's claims are successful); *Conrad Assocs. v. Hartford Accident & Indemnity Co*., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775/785-5440

The calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.  In his Complaint, Plaintiff seeks "[g]eneral and special damages"; "Pre-judgment and Post Judgment Interest"; and damages for "[a]ll such further relief as the Court deems necessary, proper and just," and alleges that he "has suffered lost wages, emotional distress, lost opportunities of advancement, and lost employment related benefits."  Ex. A (Compl.) ¶¶ 18, Prayer for Relief, at 3-4.

Of course, front and back pay are available damages for employees who have been wrongfully terminated. *See e.g. See Gotthardt v. National R.R. Passenger Corp*., 191 F.3d 1148, 1154-55 (9th Cir. 1999) (explaining that remedies for Title VII claims include back pay and front pay, and that there is no cap on damages for front pay); *see* NRS 613.432 (providing that all remedies available under Title VII are also available under NRS Chapter 613[1]).  Relevant remedies also include compensatory damages such as "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" along with punitive damages.  *See* 42 U.S.C. § 1981a(b)(3).

A plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may also be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement.  *See, e.g.*, *Cassino v. Reichhold Chemicals, Inc*., 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc*., No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circus Enters.,* 231 F.3d 1129, 1131 (9th

---

[1] *See Stewart v. SBE Entertainment Group, LLC*, 239 F. Supp. 3d 1235, 1246 n. 16 (D. Nev. 2017) (explaining that Nevada law governing unlawful employment practices, set forth in NRS Chapter 613 is "almost identical" to Title VII, and therefore, courts apply the same analysis to both).

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775/785-5440

Cir. 2000) (future damages are properly considered in determining amount in controversy).  Two years of front pay is a conservative calculation to gauge the potential front pay at issue.  *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit).

Using Plaintiff's hourly rate of up to $12.72 as a base hourly rate, Plaintiff's past lost wages, alleged expected front pay exceeds $75,000.00.  This is exclusive of other forms of damage that can be included in the calculation, including his claim for benefits as a full-time employee.

Also, Plaintiff claims that he somehow "suffered … emotional distress" and has been subjected to other damages such as "lost opportunities of advancement and benefits.  Ex. A. (Compl.) ¶ 18.  So, if the Court were inclined, it could also look at other potential damages, which would quickly elevate the amount in controversy for removal purposes even further above the amount in controversy threshold.  *See Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017) ("[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases."); *see Buckwalter v. Wey*, No. 210-CV-108JCMLRL, 2010 WL 2609100, at *1 (D. Nev. June 24, 2010) (denying a plaintiff's motion to remand in part because the plaintiff sought unspecified amounts of emotional distress along with damages "in excess of $10,000" which brought the damages above the jurisdictional threshold); *see Pereza v. Progressive Direct Ins. Co.*, No. 2:15-CV-77 JCM VCF, 2015 WL 1549270, at *5 (D. Nev. Apr. 8, 2015) (finding that emotional damages added to economic damages to put the amount in controversy over the jurisdictional threshold).  Jury verdicts are replete with examples of awards that demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages alone could exceed the $75,000 amount in controversy requirement.  *See Bielma v. Cosmi Corp.*, No. BC223155, 2001 WL 36375518 (Cal. Super. June 26, 2001) (resulting in a jury verdict of $180,000 in noneconomic damages for emotional distress and pain and suffering where a plaintiff claimed that his supervisor subjected him to racial epithets and demotion, that his employer failed to prevent the harassment,

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775/785-5440

and that he was terminated for complaining about the harassment); *see Gatewood v. California Dep't of Transportation, et al.*, JVR No. 801024, 1997 WL 1716568 (Cal. March 1, 1997) (resulting in a jury verdict of $750,000 for pain and suffering where a plaintiff claimed that her co-worker subjected her to racial epithets and that, when she complained to her employer, no remedial action was taken).

The Court can also consider attorneys' fees in the calculation to determine amount in controversy for diversity purposes.  Plaintiff claims entitlement to attorneys' fees.  *See* Ex. A (Compl.), 3-4.  Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).  The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees through trial.  *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").  defendants anticipate that the Parties will propound and respond to written discovery, that depositions will be taken in this case, and that Defendants will file a Motion for Summary Judgment.  Here, if Plaintiff prevails, he could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in wrongful termination cases.  Indeed, courts in this circuit have awarded attorneys' fees in excess of $75,000 in cases involving wrongful termination cases for alleged discrimination.  *See Bjornson v. Dave Smith Motors/Frontier Leasing & Sales*, 578 F. Supp. 2d 1269, 1288 (D. Idaho 2008) (awarding $87,106.40 in attorneys' fees).

Here, Plaintiff has also alleged "[g]eneral and special damages" Ex. A (Compl.) , 3-4.  It is unclear if he is also seeking punitive damages however, he does in clued a catchall request for "All such further relief…"  So, he is likely also seeking punitive damages.  The Court can also consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).  Again, courts have regularly affirmed jury verdicts exceeding $75,000 in in punitive damages in alleged discrimination cases.

Snell & Wilmer
L.L.P.
LAW OFFICES
510 West Liberty Street, Suite 510
Reno, Nevada  89501
775/785-5440

1    *See, e.g.*, *Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal.,

2    November 18, 2014) ($185 million verdict for plaintiff in pregnancy discrimination case); *see also*

3    *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9

4    million equal to the compensatory damage award was appropriate in disability case).   In sum,

5    Plaintiff's aggregated recovery on his claims, including lost wages, emotional distress damages,

6    attorneys' fees, and other damages (including punitive damages), satisfies the $75,000 jurisdictional

7    threshold.   While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not"

8    that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as

9    required by 28 United States Code section 1332(a).

10          Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in

11   controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action

12   pursuant to 28 United States Code section 1332(a)(1), and removal is proper.

13          **C.      Venue is Proper in the District of Nevada.**

14          Venue is proper in the District of Nevada because it is the "district and division embracing

15   the place where [this] action is pending." 28 U.S.C. § 1441(a).   The Action is pending in the Eighth

16   Judicial District Court of the State of Nevada in and for the County of Clark.   This Court includes

17   and embraces Clark County.   *See* 28 U.S.C. § 108.   This Court is therefore the proper Court to

18   which the action should be removed.   *See* 28 U.S.C. § 1441(a).

19          **D.      Removal is Timely.**

20          A notice of removal must be filed within 30 days after service of the pleading which makes

21   the defendant a party to the state action.   28 U.S.C. § 1446(b).   The thirty-day period for removal

22   does not begin to run until a party has received a copy of the Complaint and has been properly

23   served.   *See Murphy Brother, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

24          Plaintiff served Defendant's resident agent with the Summons and Complaint on September

25   14, 2021.   Thus, the deadline to remove this action is October 14, 2021.   Therefore, this notice is

26   timely as Defendant has filed on October 14, 2021.

27   ///

28   ///

Snell & Wilmer

L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775/785-5440

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

**IV.   CO-DEFENDANT CONSENT TO REMOVAL**

To the best of Defendant's knowledge, there are no other defendants whose consent to removal is required because no other party has been "joined and served" pursuant to 28 U.S.C. § 1446(b)(2)(A).  Accordingly, consent is unnecessary.

**V.   PLEADINGS, PROCESS, ORDERS, AND NOTICE**

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon, or otherwise received by Defendants is attached hereto as **Exhibit A.**

**VI.   CONCLUSION**

Because Defendant has timely filed its notice of removal of the action, for which this Court has original, diversity jurisdiction, and because all other requirements for removal have been met, the action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).  In filing this Notice of Removal, Defendant does not waive and reserves all defenses, rights, and motions to the Complaint.  No statement or omission shall be deemed to constitute an admission by Defendant of any of the allegations or damages sought in the Complaint.

Accordingly, Defendant respectfully requests this Court assume full jurisdiction over the Action and that the Action be removed to the United States District Court for the District of Nevada.

Dated:  October 14, 2021                    SNELL & WILMER L.L.P.


By: */s/ Paul Swenson Prior*
Paul Swenson Prior, Esq.
Nevada Bar No. 9324
Alexis R. Wendl, Esq.
Nevada Bar No. 15351
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant Secure Source International, LLC*

- 9 -

1

## CERTIFICATE OF SERVICE

2    I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18)

3    years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a

4    true and correct copy of the foregoing **PETITION FOR REMOVAL** by method indicated below:

5
6    ☐   **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax
     number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a).
     A printed transmission record is attached to the file copy of this document(s).

7
8    ☒   **BY U.S. MAIL:**  by placing the document(s) listed above in a sealed envelope with
     postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed
     as set forth below.

9
10       Shaun M. Rose, Esq.
         Shaun Rose Law LLC
11       9505 Hillwood Dr., Suite 100
         Las Vegas, NV 89134
         *Attorneys for Plaintiff*

12
13   ☐   **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an overnight
     delivery service company for delivery to the addressee(s) on the next business day.

14
15   ☐   **BY PERSONAL DELIVERY:**  by causing personal delivery by                , a
     messenger service with which this firm maintains an account, of the document(s) listed
     above to the person(s) at the address(es) set forth below.

16   ☐   **BY EMAIL:**  by emailing a PDF of the document listed above to the email addresses of
     the individual(s) listed below.

17
18   ☒   **BY ELECTRONIC SUBMISSION:**  submitted to the above-entitled Court for
     electronic filing and service upon the Court's Service List for the above-referenced case.

19

20   DATED this 14th day of October, 2021.

21                              */s/ Maricris Williams*
                                An employee of SNELL & WILMER L.L.P.

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775/785-5440

## INDEX OF EXHIBITS

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| A | Complaint and Proof of Service | 5 |
| B | Arizona Corporate Commission Printout | 3 |

4825-0769-3820

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440